**Jesus TORRES, Plaintiff,**

v.

**AT & T BROADBAND, LLC et al., Defendants.**

**No. C 00–3934 CRB.**

United States District Court, N.D. California.

March 30, 2001.

Thomas N. Stewart III, Law Offices of Thomas N. Stewart III, Clayton, CA, for Plaintiff.

Paul W. Cane Jr., Erik Z. Revai, Paul Hastings Janofsky & Walker, San Francisco, CA, Theodore A. Olsen, Sherman & Howard, Denver, CO, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BREYER, District Judge.

Now before the Court is the motion by the defendants Televents, Inc., and AT & T Broadband, LLC (collectively, "the defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). After careful review and consideration of the papers submitted, and having heard oral argument on March 30, 2001, the defendants' motion to dismiss is GRANTED.

### BACKGROUND

This is a disability discrimination lawsuit. The plaintiff is a visually impaired man who is bringing suit against the defendants pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq* ("the ADA"). The plaintiff, who is a subscriber to the defendants' digital cable system, claims that the defendants are required to make the channel on which the defendants provide a list of available programs ("the channel menu") accessible to the visually impaired. The

plaintiff asserts that the defendants' refusal to change their service to make it more accessible to the visually impaired constitutes discrimination in violation of the ADA.

## DISCUSSION

### I. STANDARD OF REVIEW FOR A RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). The complaint must be construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See id.* However, although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

### II. WHETHER THE DEFENDANTS' DIGITAL CABLE SYSTEM IS A "PLACE OF PUBLIC ACCOMMODATION" UNDER THE ADA

■ The plaintiff bases his claim on Title III of the ADA, which deals with places of public accommodation. Specifically, 42 U.S.C. section 12182 provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any *place of public accommodation* by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (West 2001) (emphasis added).

The plaintiff argues that the defendants' digital cable system is a place of public accommodation under the ADA. Pursuant to 28 C.F.R. section 36.303(a), the defendants would therefore be required to offer auxiliary aids or services in order to make their channel menu more accessible for persons with a visual impairment. *See* 28 C.F.R. § 36.303(a) (West 2001) (requiring a public accommodation to "take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" unless "taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense").

The plaintiff's contention that digital cable services constitute a place of public accommodation is contrary to the plain language of the statute and its implementing regulations. The ADA includes an exhaustive list of private entities that constitute a public accommodation, and a digital cable system is not one of them. Public accommodations identified by the ADA include, *inter alia:* inns, hotels or other places of lodging, restaurants, bars, motion picture houses, theaters, concert halls, stadiums or other places of exhibition or entertainment, bakeries, grocery stores, clothing stores or other sales or rental establishments, laundromats, dry-cleaners, banks, museums, libraries, parks, zoos, schools, gymnasiums, and health spas. *See* 42 U.S.C. § 12181(7). A digital cable system is not analogous to any of these categories or examples. The plaintiff argues that when he uses the defendants' digital cable channel menu, his television set becomes a place of exhibition or entertainment. However, the plaintiff's home

cannot reasonably be classified as a place of *public* exhibition or entertainment. Thus, neither the digital cable system nor its on-screen channel menu can be considered a place of public accommodation within the meaning of the ADA.

 The plaintiff also cites the Code of Federal Regulations to support his conclusion that the defendants' digital cable system can be classified as a place of public accommodation. The applicable ADA regulation, 28 C.F.R. section 36.104, defines a place of public accommodation as, "a facility, operated by a private entity, whose operations affect commerce," and which falls within at least one of a series of categories similar to the section 12181(7). 28 C.F.R. § 36.104.

 The regulation further defines a facility as, "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located." *Id.* The plaintiff argues that the defendants' digital cable system is a place of public accommodation within the meaning of the Code of Federal Regulations because the system's equipment is a facility. The plaintiff points to no case law to support that argument. The defendants' digital cable system cannot be considered a facility, because in no way does viewing the system's images require the plaintiff to gain access to any actual physical public place. *See Weyer v. Twentieth Century Fox Film Corp.,* 198 F.3d 1104, 1114–16 (9th Cir. 2000) (holding that the term "place of public accommodation" suggests that "some connection between the good or service complained of and an actual physical place is required"). The defendants' digital cable system is installed in the plaintiff's home. The plaintiff does not have to travel to some physical place, open to the public, in order to experience the benefits of the defendants' digital cable system. He simply turns on his television set and has automatic access to the sounds and images provided by the defendants' service.

The plaintiff does not even allege that he was denied access to a physical place. He simply alleges that the defendants' cable services are not as valuable to him as they would be if he were not a visually impaired subscriber. That is not an ADA violation. The ADA only requires that the defendants not discriminate against the visually impaired in accessing their digital cable services. If the visually impaired have already gained access to the defendants' services, there can be no ADA violation.

Thus, since the defendants' digital cable system cannot be considered a "place of public accommodation" within the meaning of the ADA, the plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6).

### III. THE PLAINTIFF'S STATE LAW CLAIMS

Since the plaintiff has failed to state a federal claim, he also has failed to state a claim under state law, as both parties readily admit. Because the Court finds that there is no violation of the ADA, it also finds that there is no violation of California Civil Code §§ 54(c) and 54.1(d).

### IV. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is GRANTED since the plaintiff has failed to state a claim upon which relief can be granted. Because the plaintiff cannot state a claim as a matter of law, his complaint is dismissed with prejudice.

**IT IS SO ORDERED.**